THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0032-JCC |
| Plaintiff, | ORDER |
| v. | |
| CAMERON SHEA *et al.*, | |
| Defendants. | |

This matter comes before the Court on the Government's motion to vacate the trial date and to set a status conference (Dkt. No. 48). Defendants have not opposed the Government's motion. On March 17, 2020, the Court issued General Order No. 02-20, which provides that "[a]ll civil and criminal hearings and trial date in [the Seattle and Tacoma] Courthouses scheduled to occur before June 1, 2020, are continued pending further order of the Court" and that:

> With regard to criminal matters, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of witnesses, counsel and Court staff to be present in the courtroom, the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). For the same reasons, the Court finds under 18 U.S.C. § 3060(C) extraordinary circumstances exist, and justice requires delay of all criminal preliminary hearings during the time period of the continuances

implemented by this order.

General Order 02-20, March 17, 2020, Sections 2, 4 (In re Court Operations under the Exigent Circumstances Created by COVID-19 and Related Coronavirus).

Having thoroughly considered the Government's motion and the Court's General Order No. 02-20, the Court hereby FINDS as follows:

1. For the reasons set forth in the motion and General Order 02-20, the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial, 18 U.S.C. § 3161(h)(7)(A); and

2. Failure to grant a continuance would likely make trial impossible, result in a miscarriage of justice, and deny counsel for both parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(i), (B)(iv).

For the foregoing reasons, the Government's motion to vacate the trial date and to set a status conference (Dkt. No. 48) is GRANTED. It is therefore ORDERED that the trial date of April 27, 2020, is VACATED and a status conference is scheduled for June 2, 2020, at 9:00 a.m. At the status conference, the parties shall propose a new trial date and pretrial motions deadline.

The Court further ORDERS that the time between the date of this order and the status conference is excludable time under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(ii), and 3161(h)(7)(B)(iv).

DATED this 15th day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE