The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> CAMERON BRANDON SHEA, <br> Defendant. | NO. CR20-032JCC <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, Defendant CAMERON SHEA and Defendant's attorney Gregory Murphy, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c).

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters pleas of guilty to the following charges contained in the Superseding Indictment:

   a. Conspiracy to Mail Threatening Communications, to Commit Cyberstalking, and to Interfere with Federally Protected Activities, in violation of Title 18, United States Code, Section 371.

Plea Agreement - 1
*United States v. Shea*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

    b. Interference with Federally Protected Activity, in violation of Title 18, United States Code, Section 245.

  2. **Elements of the Offense**.  The elements of the offenses to which Defendant are pleading guilty are as follows:

    **Count 1**: **Conspiracy**

    First, there was an agreement between two or more persons to commit at least one crime as charged in the superseding indictment;

    Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

    Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

    <u>**First Object of the Conspiracy**</u>

    The elements of the first object of the conspiracy, Mailing Threatening Communications, in violation of Title 18, United States Code, Section 876, are as follows:

    First, the defendant knowingly mailed or arranged to have mailed a letter addressed to a person containing a threat to injure the person;

    Second, such letter was transmitted for the purpose of issuing a threat, or with knowledge that the letter would be viewed as a threat.

    <u>**Second Object of the Conspiracy**</u>

    The elements of the second object of the conspiracy, Cyberstalking, in violation of Title 18, United States Code, Section 2261A are as follows:

    First, the defendant acted with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person;

    Second, the defendant used the mail, any interactive computer service, electronic communication service, electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that;

Plea Agreement - 2
*United States v. Shea*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

Third, created a reasonable fear of the death of or serious bodily injury to the person, or caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to the person.

**Third Object of the Conspiracy**

The elements of the third object of the conspiracy, Interference with Federally Protected Activity, in violation of Title 18, United States Code, Section 245, are as follows:

First, the defendant threatened force;

Second, the defendant willfully intimidated or interfered with a person or attempted to do so;

Third, the defendant did so because of that person's religion;

Fourth, the defendant acted because that person enjoying private employment;

Fifth, the defendant threatened a dangerous weapon, explosives, or fire.

**Count 5: Interference with Federally Protected Activity**

First, the defendant threatened force;

Second, the defendant willfully intimidated or interfered with a person or attempted to do so;

Third, the defendant did so because of that person's religion;

Fourth, the defendant acted because that person enjoying private employment;

Fifth, the defendant threatened a dangerous weapon, explosives, or fire.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

    a.    For the offense of Conspiracy, as charged in Count 1: A maximum term of imprisonment of up to 5 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Third, created a reasonable fear of the death of or serious bodily injury to the person, or caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to the person.

**Third Object of the Conspiracy**

The elements of the third object of the conspiracy, Interference with Federally Protected Activity, in violation of Title 18, United States Code, Section 245, are as follows:

First, the defendant threatened force;

Second, the defendant willfully intimidated or interfered with a person or attempted to do so;

Third, the defendant did so because of that person's religion;

Fourth, the defendant acted because that person enjoying private employment;

Fifth, the defendant threatened a dangerous weapon, explosives, or fire.

**Count 5: Interference with Federally Protected Activity**

First, the defendant threatened force;

Second, the defendant willfully intimidated or interfered with a person or attempted to do so;

Third, the defendant did so because of that person's religion;

Fourth, the defendant acted because that person enjoying private employment;

Fifth, the defendant threatened a dangerous weapon, explosives, or fire.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

    a.    For the offense of Conspiracy, as charged in Count 1: A maximum term of imprisonment of up to 5 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Plea Agreement - 3
*United States v. Shea*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

b.      For the offense of Interference with Federally Protected Activity, as charged in Count 5: A maximum term of imprisonment of up to 10 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4.      **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a.      The right to plead not guilty and to persist in a plea of not guilty;
   b.      The right to a speedy and public trial before a jury of Defendant's peers;

Plea Agreement - 4
*United States v. Shea*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

|   |   |   |
|---|---|---|
| c. | | The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant; |
| d. | | The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial; |
| e. | | The right to confront and cross-examine witnesses against Defendant at trial; |
| f. | | The right to compel or subpoena witnesses to appear on Defendant's behalf at trial; |
| g. | | The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and |
| h. | | The right to appeal a finding of guilt or any pretrial rulings. |

5. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

Plea Agreement - 5
*United States v. Shea*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

a. In or about November 2019, CAMERON SHEA, using the moniker Krokodil, participated in a private Wire chat group titled, Operation Erste Säule. Shea was a member of Atomwaffen Division ("AWD"). Shea created a chat group to collaborate and coordinate an effort to deliver threatening messages. SHEA described the Operation in a message to the chat group: "*We're coordinating this nation wide Operation called Operation Erste Säule, named after the first pillar of stat[e] power, AKA the media. We will be postering journalists houses and media buildings to send a clear message that we too have leverage over them . . . The goal, of course, is to erode the media/states air of legitimacy by showing people that they have names and addresses, and hopefully embolden others to act as well.*" SHEA helped organized the operation over a period of months.

b. As part of the operation, each participant was directed to identify, research, and locate journalists in their area. At one point, certain Jewish people were located and chosen as targets for the operation. SHEA stated that the identification of these targets was "*Excellent work!*" and "*Outstanding.*"

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

1    c.   On or about December 11, 2019, SHEA explained to the group that he wanted to coordinate the operation on the same night so journalists would be caught off guard, and to accomplish an effective "*show of force, demonstrating we are capable of massive coordination*."

   d.   Three posters were developed to use in the operation, which are depicted below. Under the poster design, the victim's personal information, such as their home address, was to be placed in the box at the bottom.

  

   e.   On January 25. 2020, SHEA mailed the above-described "Your Actions Have Consequences" poster depicting a Molotov cocktail to an individual employed by the Anti-Defamation League ("ADL"). In so doing, SHEA was motivated by the fact that individual was Jewish and the ADL's mission to combat anti-Semitism. SHEA also mailed posters to another individual associated with the ADL and a news reporter who had done stories about AWD.

   f.   The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

Plea Agreement - 7
*United States v. Shea*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

8. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss Counts 2-4 and not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Superseding Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

10. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States

Plea Agreement - 8
*United States v. Shea*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

has evidence.  Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

11.   **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction.  Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a.   Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

Plea Agreement - 9
*United States v. Shea*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

      b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

12. **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

13. **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

14. **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This

Plea Agreement - 10
*United States v. Shea*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970

Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this __7th__ day of April, 2021.

/s Cameron Shea
CAMERON SHEA
Defendant

/s Gregory Murphy
GREGORY MURPHY
Attorney for Cameron Shea

/s Todd Greenberg
TODD GREENBERG
Assistant United States Attorney

/s Thomas Woods
THOMAS M. WOODS
Assistant United States Attorney

Plea Agreement - 11
*United States v. Shea*, CR20-032JCC

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WA 98112
206-553-7970